[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff's amended complaint contains three related counts: (1) breach of express contract of employment; (2) breach of implied contract of employment; and (3) breach of duty of good faith and fair dealing owed by the defendant to the plaintiff. The defendant has filed a motion for summary judgment on all three counts of the amended complaint.
The plaintiff relies upon the Employee Handbook issued by the defendant. The plaintiff admits that he signed for the Employee Handbook on February 24, 1989. Neither party filed any affidavits in support of their respective positions, and each relies upon different portions of the Employee Handbook. It is undisputed that the plaintiff is an at-will employee. While the defendant fired the plaintiff for insubordination, the plaintiff claims that his actions did not amount to insubordination, and the triggering event CT Page 1805 for the discharge was a minor dispute concerning the plaintiff's work schedule. The plaintiff relies upon page 15 of the Employee Handbook, which provides that an employee can be terminated if he has two written warnings and a third incident which amounts to a serious violation of rules. From this he argues that his acceptance of the terms of the employment manual resulted in an express or implied contract with the defendant not to discharge him for other reasons, and that his discharge was a breach by the defendant of its duty of good faith and fair dealing.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578. Once the moving party has presented evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11. That is resolved by applying to the established fact the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
The starting point in evaluating the claims here is that under Connecticut law both contracts of permanent employment or for an indefinite term of employment are terminable at will by the employer. Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 474; Somers v. Cooley Chevrolet Co., 146 Conn. 627,629; Fisher v. Jackson, 142 Conn. 734, 736. Accordingly, the defendant could discharge the plaintiff for a good reason, a bad reason, or no reason at all. Moreover, the concept of good faith and fair dealing is not applied to change a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause. Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 569. The only material exception to this rule — one that does not apply here — is that the CT Page 1806 employer cannot discharge the employee for a demonstrably improper reason for dismissal which amounts to a violation of an important public policy. Sheets v. Teddy's Frosted Foods, Inc., supra, 475, 480. A discharge for a trivial reason such as the one claimed here by the plaintiff does not come within the narrow public policy exception recognized in Sheets, a rule which has not been extended in subsequent cases. See Morris v. Hartford Courant Co., 200 Conn. 676; Battista v. United Illuminating Co., 10 Conn. App. 486.
However, it has been recognized that in some cases statements in an employer's personnel manual may form the basis for a claim of express or implied contract between the employer and the employee. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 198; Magnan v. Anaconda Industries, Inc., supra, 564. Generally, whether statements in a defendant's personnel manual resulted in a contract between the parties is a question of fact to be determined by the trier. Finley v. Aetna Life Casualty Co., supra, 199. The employer can protect itself against employee contract claims based on statements made in its personnel manual by appropriate disclaimers of the intention to contract. Id., 199.
The question on this motion is whether the evidence produced by the parties in support of their respective positions is sufficient to raise a genuine issue of material fact over interpretation of the contract. While the court cannot decide a factual question if one exists, there must be sufficient evidence in support of the position of the nonmoving party to raise a genuine factual question whether statements in the Employee Handbook amount to an express or implied employment contract. The existence of the document is not enough; its relevant terms must be considered. The court cannot make a contract for the parties or make a new or modified agreement for them different from the express intention set forth in the written instrument. Collins v. Sears, Roebuck Co., 164 Conn. 369, 375. "It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding by the parties." Cavallo v. Lewis,1 Conn. App. 519, 520; Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249. The agreement itself disclaims that it is a contract. The introduction specifically states that "[t]he contents of the Handbook are presented as a matter of information only, and are not meant CT Page 1807 to be a contract between the Hotel and its employees. The hotel reserves the right to modify, change, disregard, suspend or cancel at any time without written or verbal notice, all or any part of the Handbook's contents, as circumstances may require." Moreover, several material statements on page 27 under Conditions of Employment make it absolutely clear that the defendant's manual does not create any contract of employment rights for any of its employees. It states:
 I agree and understand that the contents of this Handbook and all manuals dealing with employment policies are presented as a matter of information only and are not to be understood or construed as a promise or contract between The Danbury Hilton and its hotels and its employees.
 I understand that nothing contained in my employment application is intended to create an employment contract between The Danbury Hilton and myself for either employment or for the providing of any benefit.
 I understand that I have the right to terminate my employment at any time and that my employer retains a similar right and that my employer's personnel policies and/or handbooks do not constitute an employment contract.
The provisions on page 15 of the handbook entitled "Progressive Discipline" outlining when an employee may be terminated after receiving certain warnings do not state that an employee cannot be terminated for other reasons or that this procedure is mandatory. The plaintiff has not filed any other documentary proof sufficient to change his employment status from that of an at-will employee, or to raise a substantial question of fact whether the provision relied upon arguably creates the rights claimed in the three counts of the amended complaint. Absolute certainty on factual issues is not required for summary judgment. The moving party must only meet the high threshold of the directed verdict test. Under the facts of this case presented by the parties on the motion, the court would have to direct a verdict for the defendant on all three counts. There is no genuine issue as to any material fact. The plaintiff was an CT Page 1808 at-will employee whom the defendant could legally terminate even for the questionable reason asserted in the complaint.
The motion for summary judgment is granted on all three counts of the complaint.
Robert A. Fuller, Judge