[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
On May 8, 1991, the plaintiff filed a single count amended complaint against the defendant, Bridgeport Hospital, alleging "a breach of [her] contract rights as embodied in" her employee handbook. The plaintiff was arrested in connection with the shooting death of her husband and alleges that she was immediately suspended by the defendant employer, without an opportunity to be heard. When the charges against her were resolved, she was reinstated by the defendant. In this action she is seeking back pay, exemplary damages and attorneys fees from the defendant.
On May 1, 1992, the defendant filed an amended answer denying the plaintiff's allegations. The defendant also filed a special CT Page 3565 defense, alleging that at all times the plaintiff was an employee at will.
On September 18, 1992, the plaintiff filed a reply to the defendant's special defense, denying it in its entirely.
On December 16, 1993, the defendant filed a motion for summary judgment with several exhibits, including the employee handbook. It also filed a memorandum of law in support of its motion.
On January 10, 1994, the plaintiff filed an objection to the motion for summary judgment with a memorandum of law and several exhibits.
LEGAL DISCUSSION
The purpose of summary judgment is to determine if the pleadings and affidavits "`show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 197, 319 A.2d 403
(1972). "Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 535 A.2d 793
(1988). The moving party has the burden of showing "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law." Spencer v. Good Earth Restaurant Corp., supra. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Id.
The defendant argues in its memorandum in support of its motion, that the disclaimer in the employee handbook leaves no genuine issue of material fact as to whether the handbook creates CT Page 3566 an implied contract.
The plaintiff argues in her memorandum in opposition to the motion for summary judgment that the handbook language is ambiguous as to whether implied contract rights exist, and that therefore a question of material fact exists.
In Connecticut the general rule is that absent a specific contract provision employees are terminable at will. Coehlo v. Posi-Seal International, 208 Conn. 106, 118, 544 A.2d 170 (1988). That rule "reserved to the employer the absolute right to dismiss the employee, and was considered necessary to preserve the autonomy of managerial discretion in the work place and the freedom of the parties to make their own contract." Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 563, 479 A.2d 781
(1984).
"[I]t is not `settled' law in Connecticut that statements in an employer's personnel manual may form the basis of a contract between employer and employee." Finley v. Aetna Life Casualty Co., 202 Conn. 190, 198, 520 A.2d 208 (1987). Nevertheless, "such representations, under appropriate circumstances, may give rise to an express or implied contract between employer and employee." Id., 199.
"In the absence of `definitive contract language,' . . . `the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.'" Id. citing, Bead Chain Mfg. Co. v. Saxton Products, Inc., 183 Conn. 266, 274-75, 439 A.2d 314
(1981). Where the language in the personnel manual is ambiguous it is a question of fact for the jury to determine whether a contractual commitment exits. Finley v. Aetna Life Casualty Co., supra.
This does not mean that every employee handbook creates a contract. Id.
 By eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals.
CT Page 3567
Id., n. 5.
In the present case the contested language in the employee handbook provides:
 In consideration of their employment, employees agree to conform to the rules and regulations of Bridgeport Hospital. Subject to the notice provisions contained in the booklet, employment and compensation can be terminated, with or without cause, at any time, at the option of either the Hospital or the employee. The Hospital retains all common management rights, including, but not limited to, the right to hire and fire, to make rules and enforce discipline to layoff for lack of work, and operations. No supervisor or department head, other than the president or the vice president for Human Resources, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing.
(Plaintiff's Exhibit)
On several occasions the court has granted summary judgment based on disclaimers that contained explicit language stating the handbook was not a contract. See Markgraf v. Hospitality Equity Investors, 8 CSCR 277 (February 18, 1993, Fuller, J.); Grieco v Hartford Courant Co., 8 CSCR 219 (January 27, 1993, Aurigemma, J.); Cf. Cogan v. Lycoming, 7 CSCR 384 (January 15, 1992, Lewis, J.) (denied summary judgment since the employee handbook raised a question of fact about reasonable employee expectations).
The language of the handbook in the present case is not entitled "disclaimer," nor does it definitively state that the handbook is not a contract. The phrases "in consideration of" and "subject to the notice provisions" create ambiguity as to the employee's expectations. The passage in question does not "eschew contract language" nor include "appropriate disclaimers" in accordance with Finley v. Aetna Life Casualty Co., supra. This ambiguity raises questions of material fact, and therefore, summary judgment must be denied. CT Page 3568
CONCLUSION
For the foregoing reasons, the defendant's Motion for Summary Judgment (#112) is denied.
So ordered.
Michael Hartmere, Judge