[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On October 1, 1991, the plaintiff, Maurice Reynolds, filed a complaint alleging that the defendant, Chrysler First Commercial Corporation (Chrysler) had terminated his employment improperly. In the complaint, Reynolds alleges that Chrysler violated its implied employment contract with Reynolds by "failing and refusing to follow its progressive discipline policy and by failing to conform to its own standards of due process and fairness." Reynolds alleges that he was employed by Chrysler in various capacities from 1969 until he was terminated on or about May 30, 1990 for allegedly violating Chrysler' s procedures during an inventory inspection of Sherlock Music. The plaintiff further alleges that the defendant had written and oral procedures for handling the disciplining of employees, and that by terminating the plaintiff, the defendant breached its implied contract with the plaintiff.
Before the court at this time is Chrysler's motion for summary CT Page 11886 judgment, various exhibits in support of the motion, and appropriate memoranda. In response the plaintiff has filed memoranda and certain exhibits.
Practice Book § 384 states that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Saurez v. Dickmont Plastics Corp. , 229 Conn. 99, 105, ___ A.2d ___ (1994). The movant "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Id. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.; see Practice Book § 381. The court "must view the evidence in the light most favorable to the nonmoving party." Suarez v. Dickmont Plastics Corp. , supra, 105.
One of the claims made by the defendant in its initial memorandum was that its personnel manual did not create an employment contract, that it included a specific disclaimer to that effect, and in any event, the plaintiff did not rely upon the manual during his employment with Chrysler. During oral argument, and in his memoranda the plaintiff made it clear that he was not relying on the manual in proof of his claim, but rather he claims that the defendant's oral policies concerning discipline and termination have given rise to an implied contract with respect to these matters. Therefore, the contents of the manual and whether it could be construed as a contract between the plaintiff and the defendant, despite the rather explicit disclaimer, is of no relevance in considering the motion for summary judgment. The only issue is whether there is an implied contract created by the words or conduct of the defendant which gives rise to certain rights on the part of the plaintiff before he could be disciplined or terminated.
Employment of indefinite duration is terminable at the will of either party without regard to cause. Coelho v. Posi-SealInternational Inc., 208 Conn. 106, 117-18, 544 A.2d 170 (1988). An employer may terminate the employment of an employee at will for "a good reason, a bad reason, or no reason at all." Markgraf v.Hospitality Equity Investors, Inc., 8 CSCR 277 (March 15, 1993, Fuller, J.). CT Page 11887
Oral representations by supervisors also may give rise to an employment contract. Finley v. Aetna Life Casualty Co., supra,202 Conn. 200. Chrysler has submitted excerpts of the deposition testimony of Reynolds in support of its motion. Reynolds said in his deposition that he "felt" and "thought" that he would only "be out of a job" if drastic changes occurred to Chrysler itself. He also said that no one ever told him, and he never read anywhere, that he had an employment contract.
Reynolds submitted deposition excerpts from human resources employees that both support and discredit his claims. One employee said that Chrysler was an "at-will employer" and that a manager could disregard any company policy calling for remedial measures before terminating an employee. By contrast, when another employee was asked hypothetically whether a manager could terminate an employee because "I want to get rid of this guy" the human resources employee replied "[t]hat's not an option." Nash did not recall company policy in 1989. A third employee described company policies as "a reference . . . a guide . . . not like the Bible."
In order to survive the motion for summary judgment and show Chrysler's intent to enter into a contract with him, Reynolds must present more than "mere assertions of fact," which are insufficient to refute Chrysler's claim that no contract existed and that Reynolds violated company policy. See Scrapchansky v. Town ofPlainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993). Reynolds must present "additional facts by way of affidavits or testimony or admissions that his employment contract was not at will." Lawrencev. Summit Corporation of America, 8 CSCR 402, 403 (March 22, 1993, Sullivan, J.). Reynolds must present actual agreement by Chrysler to have an employment contract with him because "[a] contract implied in fact, like an express contract, depends on actual agreement." Coelho v. Posi-Seal International Inc., supra,208 Conn. 111.
The evidence submitted by Reynolds does not raise a question of material fact regarding Reynolds' status as an at will employee. That Reynolds had a "feeling" that he would be out of a job only if drastic changes occurred to Chrysler is insufficient to show anything other than an at will relationship with Chrysler. The vague references to the company's policies in the deposition transcript of the human resources employees are also insufficient to show that Reynolds' employment was anything other than at will.
The court finds that the defendant has shown that there is no CT Page 11888 genuine issue of material fact with respect to its claim that the plaintiff was an at will employee who could be terminated without cause and that no implied contract covering discipline and termination existed.
Accordingly, for the reasons above stated, the motion for summary judgment is granted.