[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On September 20, 1994, the plaintiff, Gregory T. Dunn, filed a two count Third Amended Complaint against the defendant, National Patent Medical Healthcare Products, Inc. (NPM)/[1]
alleging in the first count that his employment was wrongfully terminated and in the second count that the defendant breached "the implied covenant of good faith and fair dealing." The plaintiff alleges that his employment contract was formed by two documents: a letter offering him the job and a copy of the company's "Rules and Regulations" which he received from the defendant.
In February 1993 the defendant advertised for a "manufacturing engineer, new product coordinator." (Plaintiff's Third Amended Complaint, (Complaint, ¶ 3.) The plaintiff answered the advertisement. (Complaint, ¶ 3.) After an interview and negotiation process, the plaintiff received a letter dated April 29, 1993, from Norm Markert offering him the position. (Complaint, ¶ 4.) The plaintiff began his new job on May 24, 1993. (Complaint, ¶ 5.)
Before starting work, the plaintiff received a copy of the defendant's "Rules and Regulations." (Complaint, ¶ 7.) This document begins with a statement that "[t]he very fact that you have been selected to be an employee at National Patent Medical, [sic] indicates that you have met our standards" and states thirteen infractions for which an employee may be disciplined or terminated.[2] (Complaint, ¶ 7.)
The defendant terminated the plaintiff on March 18, 1994. (Complaint, ¶ 11.) The reason stated for the termination was "`Failed to meet work standards.'" (Complaint, ¶ 11.)
On September 22, 1994, the defendant filed an answer. On February 2, 1995, the defendant filed a motion for summary judgment, a memorandum in support, and multiple exhibits. On CT Page 7059 February 16, 1995, the plaintiff filed an "Objection to Defendant's Motion for Summary Judgment," his own affidavit, and a "Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment." On February 27, 1995, the defendant filed a "Reply to Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment."
DISCUSSION
Practice Book § 384 states that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corporation,229 Conn. 99, 105, 230 A.2d 664 (1994). The movant "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. "The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id., citing Practice Book § 381. The court "must view the evidence in the light most favorable to the nonmoving party." Id.; Lees v. Middlesex Insurance Co., 229 Conn. 842, 849-50,643 A.2d 1282 (1994).
The defendant moves for summary judgment on the ground that "the undisputed material facts establish that the plaintiff cannot establish that any employment contract existed between the parties and that, even if the plaintiff could establish the existence of such a contract, he has not shown any breach thereof, nor has he demonstrated any bad faith on the part of the defendant." The defendant argues in support of its motion for summary judgment that the offer letter and "Rules and Regulations" do not create a contract, that there was no actual agreement between the parties to form a contract, and that terminating at will employment without just cause does not give rise to a cause of action. The defendant argues that the plaintiff has not shown dishonest purpose, moral obliquity, furtive design, or ill will to support a claim for breach of the implied contract of good faith and fair dealing.
The plaintiff counters in its opposition that there was an employment contract between the defendant and himself, consisting of the offer letter and the "Rules and Regulations." The CT Page 7060 plaintiff argues that this contract was breached and that the breach demonstrated the defendant's bad faith. The plaintiff counters that the defendant decided to terminate him in December but waited until March to do so and that this wait patently violated the implied covenant of good faith and fair dealing.
The defendant responds in its reply memorandum that the plaintiff mischaracterizes "wishful thinking and mental telepathy" as a contract and misstates the defendant's policy and obligation towards an employee being terminated. The defendant counters that the plaintiff misstates his alleged negotiation of his purported contract because some of the performance reviews or appraisals the plaintiff argues that he negotiated were never negotiated. The defendant counters that the plaintiff's performance was not satisfactory, the plaintiff's statements to the contrary, and that it is entitled to conduct its business as it sees fit, including terminating an at will employee.
I. BREACH OF AN ALLEGED EMPLOYMENT CONTRACT
Contracts for permanent employment or employment for an indefinite term are terminable at the will of either party.Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 118,544 A.2d 170 (1988). These contracts are terminable without liability from one party to the other. Id., 117. They are terminable without cause. Id., 118; Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 474, 427 A.2d 385 (1980). In fact, an employer may terminate the employment of an employee at will for "a good reason, a bad reason, or no reason at all." Markgrafv. Hospitality Equity Investors, Inc., 8 CSCR 277 (March 15, 1993, Fuller, J.).
The plaintiff alleges that his offer letter and the "Rules and Regulations" constitute an employment contract. There is nothing in either document defining the terms or duration of the plaintiff's employment. The plaintiff admitted in his deposition the following facts: the offer letter was not a promise not to fire him (Plaintiff's Deposition, pp. 32-33); his advancement was contingent on his performance, despite language in the offer letter stating not only that the company was "rapidly growing" but also that the job "offers [him] an ample opportunity for growth both in responsibility and compensation" (Plaintiff's Deposition, pp. 58-59); and he could be fired for poor performance, indicating the plaintiff's admission that the "Rules and Regulations" list of infractions for which an employee will CT Page 7061 be disciplined or dismissed is not an exclusive list (Plaintiff's Deposition, pp. 33-34).
The defendant's reliance on the plaintiff's statements is not dispositive of whether there was a contract at all. "[O]rdinarily the question of contractual intent presents a question of fact for the ultimate fact finder, [but] where the language is clear and unambiguous it becomes a question of law for the court." (Internal quotation marks omitted.) Gateway Co. v. DiNoia,232 Conn. 223, 232, ___ A.2d ___ (1995); see Barry v. Posi-SealInternational, Inc., 36 Conn. App. 1, 6, 647 A.2d 1031 (1994) (stating that "absent . . . definite contract language, the determination of what the parties intended to encompass in their contractual commitment is a question of the intention of the parties, and an inference of fact").
To survive a motion for summary judgment and show the defendant's intent to enter into a contract with him, the plaintiff must present more than "mere assertions of fact," which are insufficient to refute the defendant's claim that no contract existed and that, even were there a contract, there was no breach. Scrapchansky v. Town of Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993). The plaintiff must present "additional facts by way of affidavits or testimony or admissions that his employment contract was not at will." Lawrence v. SummitCorporation of America, 8 CSCR 402, 403 (March 22, 1993, Sullivan, J.). The plaintiff must present evidence demonstrating actual agreement by the defendant to have an employment contract with him because a contract, whether express or implied, depends on actual agreement. Coelho v. Posi-Seal International, Inc., supra, 208 Conn. 111.
The offer letter does set forth the position offered, compensation and benefits information, and a scheduled performance appraisal. The offer letter's language "ample opportunity for growth both in responsibility and compensation," even according to the plaintiff in his deposition, does not mean that the defendant owed the plaintiff more responsibility or a higher salary. "Rules and Regulations" lists infractions for which an employee may be terminated but is not an exclusive list. As the plaintiff argues, "Rules and Regulations" may imply that a disciplinary procedure short of termination is available for infractions not listed.
There is an issue of fact as to whether an employment CT Page 7062 contract was formed by the offer letter and "Rules and Regulations." The documents and intentions of the parties are unclear. The court finds that there is a question of fact as to the formation of a contract and the intentions of the parties when establishing the plaintiff's employment. The court finds that there is an issue of fact as to whether the offer letter and "Rules and Regulations" represent the expectations and agreement of the parties.
II. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIRDEALING AS TO THE ALLEGED EMPLOYMENT CONTRACT
An employee may sue for wrongful discharge only under narrow exceptions, one of which is breach of an implied covenant of good faith and fair dealing. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 568-69, 479 A.2d 781 (1984). The implied covenant of good faith and fair dealing is intended to ensure fulfillment of the parties' reasonable expectations. Id., 567. All employment contracts include the covenant of good faith and fair dealing. Id., 568-69.
An employer may not be deemed to lack good faith merely for exercising its contractual right to terminate an employee at will. Magnan v. Anaconda Industries, Inc., supra, 572. The covenant may not be deemed breached by showing an absence of good cause for the employee's discharge. Id., 570-71. To the contrary, the covenant is breached only where the reason for the discharge involves "impropriety . . . derived from some important violation of public policy." (Internal quotation marks omitted.) Id., 572. There must be a "conscious doing of a wrong because of dishonest purpose or moral obliquity . . . [and] a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Buckman v. People ExpressInc., 205 Conn. 166, 171, 530 A.2d 596 (1987).
The second count of the plaintiff's complaint incorporates paragraphs one through eleven of the first count and further alleges that "[b]y its actions as stated above, [in count one] the Defendant breached the implied covenant of good faith and fair dealing." The first count alleges that the plaintiff never received performance appraisals, never received standards of performance apart from "Rules and Regulations," and was terminated "without warning, without notice and for the stated reason: `Failed to meet work standards.'" CT Page 7063
Assuming for purposes of discussing the defendant's motion for summary judgment as to count two that there was an employment contract, the plaintiff makes no allegations that give rise to a breach of the implied covenant of good faith and fair dealing. The plaintiff never alleges that his discharge violated public policy. "The employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy."Morris v. Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66
(1986). The plaintiff's claim that the defendant's waiting three months to effectuate his termination violated the implied covenant is insufficient to constitute a dishonest purpose or moral obliquity. There is no evidence of furtive design or ill will on the part of the defendant. The court, therefore, grants the defendant's motion for summary judgment as to count two of the plaintiff's complaint.
In conclusion, the court denies the defendant's motion for summary judgment as to count one and grants the motion as to count two.
Hurley, J.