[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 25, 1993, the plaintiff, Breina Schain, filed a two-count complaint against the defendant, Blue Cross and Blue Shield of Connecticut, Inc. (Blue Cross). In her complaint, the plaintiff claims that the defendant breached their employment contract when it terminated her without warning. In count one, she alleges that the Employee Handbook she received from the defendant constituted an express contract. In count two, she alleges that an implied contract arose by the defendant's actions, which demonstrated an intent to be bound by the terms of the Handbook.
The plaintiff alleges the following facts. On July 10, 1989, Blue Cross hired the plaintiff as a customer service representative. On Dec. 2, 1991, the defendant gave the plaintiff written notice of poor job performance and sometime thereafter placed her on probation. At the end of the probation period, on May 8, 1992, the defendant gave the plaintiff a document entitled "Release from Corrective Action," which indicated that the plaintiff's performance would be monitored through April 9, 1993. On June 23, 1992, the defendant terminated the plaintiff's employment claiming that the plaintiff did not perform her duties satisfactorily.
The defendant's answer, filed on Nov. 10, 1993, admits the factual allegations concerning the plaintiff's employment, but CT Page 7657 denies the existence of a contract.
On July 15, 1996, the defendant filed a motion for summary judgment on both counts, with a supporting memorandum of law.[1] On September 3, 1996, the plaintiff filed a memorandum of law in opposition to the motion.[2]
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06, ___ A.2d ___ (1996).
The defendant has moved for summary judgment on the basis that Ms. Schain was an employee at will and could be terminated at any time for any reason. According to the defendant, neither the terms of the Handbook nor any actions taken to discipline the, plaintiff created an express or implied contract altering her status as an employee at will because the Handbook has an explicit disclaimer that it did not constitute a contract. The defendant argues further that the language in the Handbook on disciplinary procedures was not mandatory or contractual.
The plaintiff argues that when the defendant began disciplinary action against her according to the rules set forth in the Handbook an implied contract arose derived from the terms of the Handbook. She relies primarily on the document created at the end of her probationary period as evidence of the defendant's intent to enter into a contract. This document, according to the plaintiff, outlined the requirements for continuing her employment and constituted a promise on the part of Blue Cross to continue her employment if she fulfilled the performance requirements detailed in this document. She argues ultimately that the question of the parties' intention as to the existence of a contract is a question of fact that should defeat the motion CT Page 7658 for summary judgment.
At issue is whether the plaintiff had an employment contract that would limit the situations under which the defendant could terminate her employment. "[A]s a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Torosyan v.Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 14,662 A.2d 89 (1995). "An employer may terminate the employment of an employee at will for a good reason, a bad reason, or no reason at all." (Internal quotation marks omitted.) Dunn v. NPM HealthcareProducts, Inc., Superior Court, judicial district of New London, Docket No. 530682 (June 15, 1995, Hurley, J.). Unless the employer and employee agree to an employment contract on other terms, the employee remains an employee at will subject to termination at any time. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 563, 479 A.2d 781 (1984).
The defendant argues primarily that no contractual claims can derive from the handbook because it contains a clearly marked, explicit disclaimer.[3] The defendant relies primarily onFinley v. Aetna Life Casualty Co., 202 Conn. 190, 520 A.2d 208
(1987), which states that although representations in an employee handbook may give rise to express or implied contracts, "[b]y eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals." Id., 199 n. 5.
Cases following Finley have held that contract claims based solely on the terms of an employee handbook must fail if the handbook has an effective disclaimer. Markgraf v. HospitalityEquity Investors, Inc., Superior Court, judicial district of Danbury, Docket No. 308501 (Feb. 18, 1993, Fuller, J.,8 CSCR 277) ("The agreement itself disclaims that it is a contract.");Grieco v. Hartford Courant Co., Superior Court, judicial district of Hartford, Docket No. 372593 (Jan. 27, 1993, Aurigemma, J.,8 CSCR 219) (plaintiff cannot base a breach of contract claim on a handbook with an explicit disclaimer); Wallace v. Gaylord FarmAssoc., Superior Court, judicial district of New Haven at Meriden, Docket No. 233770 (Aug. 11, 1992, Dorsey, J.) (employee manual, with its explicit disclaimer, cannot be construed as a contract). In particular, the defendant points to Wormley v. BlueCross Blue Shield, Superior Court, judicial district of New CT Page 7659 Haven, Docket No. 314088 (Feb. 22, 1996, Fracasse, J.), in which the court, construing language very similar to that at issue in the current case, held that the "plaintiff had no reasonable basis to believe that she had a contract right to any disciplinary procedures."
Some courts have denied summary judgment when other facts have raised a question as to the intention of the parties in forming an employment contract, as, for example, when a handbook has no disclaimer; Szczepanik v. Northeast Utilities Service Co.,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 419782 (Aug. 11, 1986, Arena, J.,1 CSCR 629); the disclaimer is not clearly identified as such; Rothmanv. Pratt Whitney Aircraft, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 449914 (Feb. 7, 1995, Handy, J.); handbooks are not universally distributed to all employees; Paris v. Northeast Savings F.A., Superior Court of Hartford-New Britain at Hartford, Docket No. 398144 (June 1, 1994, Corradino, J.); employees received offer letters with attached policy memos prior to accepting employment; Dunn v. NPMHealthcare Products, Inc., Superior Court, judicial district of New London, Docket No. 530682 (June 15, 1995, Hurley, J.); Coganv. Avco Lycoming, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 242069 (Jan. 15, 1992, Lewis, J.,7 CSCR 384); or employers made oral promises; Hood v. Mercedez-BenzCredit Corp., Superior Court, judicial district of Stamford Norwalk at Norwalk, Docket No. 089126 (June 17, 1991, Lewis, J.,6 CSCR 650).
The plaintiff offers no factual allegations that would raise similar questions about the intention of the defendant to create a contract from the Handbook. The plaintiff's first count, alleging the existence of an express contract derived from the Employee Handbook, must fail as a matter of law.
The plaintiff's second count alleges that an implied contract arose when the defendant began disciplinary proceedings consistent with the terms of the Handbook. The Appellate Court recently addressed a similar claim in Reynolds v. FirstCommercial Corp., 40 Conn. App. 725, 673 A.2d 573 (1996). In that case, the plaintiff argued that the defendant's routine and customary use of the same progressive disciplinary measures imparted an understanding to its employees that such procedures would always be used, and that this understanding formed a "meeting of the minds" sufficient to create an implied contract. CT Page 7660 Id., 731. The Court rejected this argument. "[C]ontracts are not created by evidence of customs and usage." (Internal quotation marks omitted.) Id., 732, citing Christensen v. BIC Corp.,18 Conn. App. 451, 458, 558 A.2d 273 (1989). "The plaintiff's belief that he had an employment contract with the defendant, without more, is insufficient to sustain an implied contract claim." Id. The court found nothing in the plaintiff's evidence "other than his feelings and beliefs [to indicate] that the defendant had impliedly contracted to implement its progressive disciplinary measures with the plaintiff in every situation where the plaintiff allegedly performed his job inadequately." Id., 733. Without such a "factual predicate" supporting the plaintiff's assertions, the Court upheld the granting of summary judgment for the employer. Id.
According to the Reynolds holding, Blue Cross was not obligated to use its disciplinary procedures prior to every termination, regardless of its prior use of such procedures. To the extent, then, that the plaintiff claims a breach of implied contract because she was terminated without warning, the defendant should prevail as a matter of law.
But the plaintiff's argument goes beyond the claim that her termination was without warning. She claims that her termination was a breach of a promise of continued employment embodied in the documents outlining the monitoring of her performance during and after her probationary period. To prevail in this argument, she has the "burden of presenting evidence that the defendant had agreed to some form of contract commitment." Id., 730. "The plaintiff must present additional facts by way of affidavits or testimony or admissions that [her] employment contract was not at will. . . . The plaintiff must present evidence demonstrating actual agreement by the defendant to have an employment contract with [her] because a contract, whether express or implied, depends on actual agreement." Dunn v. NPM Healthcare Products,Inc., supra, citing Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 118, 544 A.2d 170 (1988).
"Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court." (Internal quotation marks omitted.) GatewayCo. v. DiNoia, 232 Conn. 223, 232, 654 A.2d 342 (1995). The plaintiff's claim, as argued in her memorandum, focuses on the documentation of her probation. To succeed in her claim, she must CT Page 7661 show that the documents in question contain language that can reasonably be construed as a basis for a contractual promise.Christensen v. Bic Corp., supra, 18 Conn. App. 457. "A contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties." Id., 458.
The plaintiff has not presented any evidence that the defendant intended to be bound to an employment contract. She presents only the documents regarding her probation and her own affidavit in which she states that she "relied upon the fact that Blue Cross would be obligated to continue my employment if I successfully completed the Action Plan." She nowhere provides any reasonable basis for this reliance — the Release does not mention "continued employment" and expressly states that termination may occur during this period. "The mere fact that the plaintiff believed the guidelines to constitute a contract does not bind [the defendant] without some evidence that intended to be bound to such a contract." Id.
The plaintiff has not provided a sufficient evidentiary foundation to raise a question as to whether the defendant intended to make any contractual promises concerning continued employment or undertook any actions that would render her employment other than employment at will. Without an issue of material fact, the defendant is entitled to judgment as a matter of law.
For the foregoing reasons the motion for summary judgment is granted.
Zoarski, Judge Trial Referee